The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ZIAD BANAT

## DEFENDANTS

POP RESTAURANTS LLC

3-03CV0718-D

(b) County of Residence of First  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
R.S. Ghio, Law Office of R.S. Ghio, The Curtis Building
318 West Main Street, Suite 100, Arlington, TX 76010
Telephone Number: 817-543-2557
Facsimile Number. 817-277-2557

Attorneys (If Known)

APR  2003

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- X 3 Federal Question (U S Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | | ☐ 540 Mandamus & Other | X 791 Empl Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)

29 U S C § 1105, 1132 - for Benefits and Breach of Fuduciary Duty under ERISA, for retaliation under the FLMA, 29 U S C § 2615, and State Law Claims for retaliation under the Texas Workers' Compensation Act, Texas Labor Code § 451 001

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $

CHECK YES only if demanded in complaint·
JURY DEMAND:  X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  4-8-03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZIAD BANAT | § | |
| Plaintiffs, | § | |
| V. | § | CAUSE NO. _____ |
| POP RESTAURANTS LLC | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Ziad Banat, Plaintiff herein, now files this his Original Complaint, and would show the Court as follows.

### I.   PARTIES

1. Plaintiff Ziad Banat is an individual residing within Dallas County, Texas.

2. Defendant POP Restaurants LLC, ("POP") a Texas corporation with its principal place of business at 7750 N. MacArthur Blvd., Suite 120-221, Irving, Texas 75063-7514. POP may be served with process by serving its registered agent for service, Richard J. Dobbyn, P.O. Box 852516, Mesquite, TX 75185-2616.

### II.   JURISDICTION

3. This court has original jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1367; 29 U.S.C. §§ 1105, 1132(a)(1), and 1140; and 29 U.S.C. § 2617.

### III.   VENUE

4. Venue is proper in this Court because the Defendant is a resident of Dallas County, Texas.

## IV. FACTS

5. Plaintiff is a former employee of POP, which owns and operates several Popeye's Chicken franchises in the Dallas-Fort Worth area. In 1998, Plaintiff was hired by POP's predecessor, AFC Enterprises, and he worked at various Popeye's locations. POP purchased several stores from AFC in December of 2001.

6. In May of 2002, Plaintiff was working as the store manager of Popeye's 6094, located at 1204 N. Collins in Arlington, Texas. On May 5, 2002, Plaintiff met with Brandon Elliott, a 17-year-old employee under his supervision, to inform Elliott that due to poor performance, his employment with Popeye's was being terminated. It was within the course and scope of Plaintiff's employment for Plaintiff to make termination decisions regarding his employees and to terminate employees whose performance was not acceptable.

6. Shortly after informing Mr. Elliott of his termination, Plaintiff was standing directly outside the store, speaking with his Area Leader, Sherry Davis, regarding a business-related matter. Plaintiff was acting within the course and scope of his employment at the time. Plaintiff was unaware that Mr. Elliott had either remained outside the store, or had left and returned. Regardless, Mr. Elliott suddenly approached Plaintiff and struck him on the jaw, knocking him to the ground. Mr. Elliott continued to strike and kick Plaintiff, causing him serious injury, until Mr. Elliott was pulled away by other employees, after which the police were called.

7. As a result of injuries to his head, neck, and chest, Plaintiff reported to Arlington Memorial Hospital for treatment. Through its agents and/or representatives, POP informed Plaintiff as well as Arlington Memorial that POP was self-employed for

worker's compensation purposes and would directly pay for Plaintiff's treatment. Upon information and belief, this statement was false, in that Defendant was insured through a non-subscriber occupational injury indemnity policy.

8. Upon information and belief, Defendant has failed to take the steps required by the Texas Worker's Compensation Act to register with the state as a non-subscriber to the Texas Worker's Compensation Act or to inform its employees that it is a non-subscriber to the Act. At all times, Plaintiff understood that POP was a subscriber to worker's compensation and that his injury would be compensated under the provisions of the Act.

9. At no time has Plaintiff ever been provided with the name and account number of the carrier for the indemnity policy, nor has he been informed of how to file a claim under such policy. To the contrary, POP had Plaintiff complete a "First Report of Injury," the form used under the Texas Worker's Compensation Act, reinforcing the impression that his injury would be compensated under the Act.

10. Plaintiff reported his injuries to his employer as work-related. Plaintiff and POP both spoke of the injuries in terms of a "worker's compensation" claim. Plaintiff was informed by Sherry Davis on or around late August 2002 that the company was handling the claim as a worker's compensation claim.

11. Despite continuing pain as a result of his injuries, Plaintiff continued to work for POP, usually working the same extended hours he typically worked before the assault. His symptoms did not improve; instead, they got worse. Moreover, Plaintiff began experiencing difficulties in getting required medical tests and procedures

**Plaintiff's Original Complaint**                                                                 3

performed, because POP was not paying the medical bills. Plaintiff repeatedly requested that this problem be addressed, but to no avail.

12. On September 25, 2002, Plaintiff's doctor took him off work for a one-week period. Plaintiff called Ken Salisbury, the new Area Leader, to inform him of this development, but could not reach him by telephone. He also delivered a copy of the doctor's note to the restaurant. Plaintiff's assistant manager also called Mr. Salisbury and left a message informing him that Mr. Banat would be off work for a week and had left his doctor's note at the restaurant.

13. The very next morning, Mr. Salisbury arrived at Plaintiff's store, with a new management team in tow. He informed Tasha James, the assistant manager, that he was terminating the entire management staff, and he provided her with a written notice which called for the "Termination and Replacement of Mgmt. Staff." Mr. Salisbury immediately placed a new management team at the restaurant.

14. Despite Mr. Salisbury's statement to Ms. James that the management staff was being terminated, Mr. Salisbury did not contact Plaintiff to inform him that he was being terminated, nor did he contact Plaintiff to discuss his medical condition, his release from work, or his job status. However, upon information and belief, Mr. Salisbury changed the locks on the doors of Popeye's #6094, thus preventing Plaintiff from having access to the building. Based upon the statements and conduct of Mr. Salisbury, Plaintiff concluded that he was terminated.

15. The following payday, POP unlawfully refused to release Plaintiff's paycheck until Plaintiff spoke directly with Mr. Salisbury. That meeting took place days later, at which time Mr. Salisbury informed Plaintiff that in POP's view, Plaintiff had

abandoned his job, and thus resigned. This was untrue, and merely a pretext for terminating Mr. Banat because of his injury and his need for medical leave.

16. Since Plaintiff's termination, Defendant has refused to pay any medical bills or respond to inquiries from Plaintiff's physician, including requests for essential tests and treatment. Moreover, POP has refused to provide the policy number, name, or contact information for its indemnity carrier.

### IV. FIRST CAUSE OF ACTION--ERISA

17. Plaintiff incorporates paragraphs 1-16 herein by reference as if set forth in full.

18. Upon information and belief, Defendant had in place a benefit plan for occupational injuries (the "Plan"), under which Plaintiff was or should have been covered. Such benefit plan was a "qualified plan" under the Employee Retirement and Income Security Act, 29 U.S.C. § 1001 *et seq.*

19. Defendant intentionally and willfully interfered with Plaintiff's rights under the Plan by, *inter alia,* failing to disclose the identity of the carrier or the policy number of the Plan; failing to inform Plaintiff that the Plan existed, by failing to report Plaintiff's occupational injury to the carrier, and by refusing to authorize medical treatment. Such conduct constitutes a breach of Plaintiff's fiduciary duties under the Plan, in violation of 29 U.S.C. § 1104 and violation of 29 U.S.C. § 1132.

20. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in excess of the minimum jurisdictional requirements of this Court, including lost medical benefits, the inability to obtain medical treatment, and lost income benefits.

21. Defendant's violations of ERISA were willful and malicious, thus supporting an award of punitive damages.

22. In addition, Plaintiff is entitled to recover statutory penalties pursuant to 29 U.S.C. § 1132 (c)(1) and (3) of $100.00 per day from the date of the unlawful conduct.

23. In addition, Plaintiff has been forced to hire an attorney to pursue his rights under the Act.

### V. SECOND CAUSE OF ACTION—FMLA RETALIATION

24. Plaintiff incorporates Paragraphs 1-23 herein by reference as if set forth in full.

25. In September, 2002, Plaintiff presented Defendant with a doctor's note requiring medical leave for a serious medical condition.

26. Upon information and belief, Plaintiff was entitled to such leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

27. Defendant immediately terminated Plaintiff upon receiving news of his need for such leave, in violation of the FMLA. 29 U.S.C. § 2615.

28. As a proximate result of Defendant's unlawful conduct, Plaintiff suffered damages in excess of the jurisdictional minimums of this Court, including lost pay and benefits (both past and future).

29. Defendant acted intentionally and with malice in retaliating against Plaintiff for seeking FMLA leave, thus justifying the imposition of punitive damages.

30. In addition, Plaintiff has been forced to retain an attorney in order to pursue his rights under FMLA.

## VI. THIRD CAUSE OF ACTION—RETALIATION UNDER THE TEXAS WORKER'S COMPENSATION ACT

31. Plaintiff incorporates Paragraphs 1-30 herein by reference as if set forth in full.

32. Plaintiff filed a good faith report of injury under the Texas Worker's Compensation Act.

33. Defendant terminated Plaintiff in retaliation for filing a worker's compensation claim and for seeking a leave of absence under the Texas Worker's Compensation Act, in violation of Tex. Labor Code § 451.001.

34. As a proximate result of Defendant's conduct, Plaintiff has suffered injury in excess of the jurisdictional minimum requirements of this Court.

35. Defendant's violation of the Texas Worker's Compensation Act was willful and malicious, thus supporting an award of punitive damages.

36. In addition, Plaintiff has been forced to retain an attorney to pursue his rights under the Texas Worker's Compensation Act.

## VII. FOURTH CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates Paragraphs 1-36 herein by reference as if set forth in full.

38. Defendant's conduct toward Plaintiff was extreme and outrageous, and Defendant engaged in such conduct intentionally.

39. As a proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

40. Defendant's conduct was willful and malicious, thus supporting an award of punitive damages.

41. In addition, Plaintiff has been forced to retain an attorney to pursue his claims against Defendant.

## VIII.  PRAYER

42. Plaintiff incorporates Paragraphs 1-41 herein by reference, as if set forth in full.

43. Plaintiff prays that the Court enter judgment in his behalf and award him damages, including:

    a.    Back pay;

    b.    Front pay;

    c.    Lost benefits, past and future;

    d.    Payment for medical expenses connected with Plaintiff's occupational injury;

    e.    Compensatory damages, including recovery for mental and emotional distress;

    f.    Punitive damages;

    g.    Statutory penalties;

    h.    Costs of Court; and

    i.    Reasonable and necessary attorney's fees.

## IX.  JURY DEMAND

44. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff requests that the Court enter judgment for Plaintiff as described herein, that Plaintiff be awarded actual damages, compensatory damages, costs, and attorney's fees, and that Plaintiff be awarded such additional recovery to which the Court finds him justly entitled.

Respectfully submitted,

R.S. Ghio
Texas State Bar No. 00787531
**LAW OFFICE OF R.S. GHIO**
The Curtis Building
318 West Main St., Suite 100
Arlington, Texas 76010
Tel.: Metro (817) 543-2557
Fax: (817) 277-2557

ATTORNEY FOR PLAINTIFF